UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHANIKA R HOBBS,

          Plaintiff,

   v.                                         Case No. 19-cv-1788-bhl

PITNEY BOWES,

          Defendant.

## ORDER GRANTING MOTION TO COMPEL ARBITRATION AND DISMISSING CASE

      Plaintiff Shanika Hobbs, proceeding *pro se*, filed an action against Defendant Pitney Bowes, her previous employer, alleging she experienced discrimination at work and was retaliated against for reporting the discrimination to her managers. On September 29, 2020, Pitney Bowes appeared and filed the pending motion to compel arbitration and to dismiss or, in the alternative, stay this case. (ECF No. 9.) Hobbs has not filed a response to the motion and the deadline to do so has now passed. *See* Civil L. R. 7(b).

      The Court has reviewed the motion and the supporting brief and declaration, ECF Nos. 9-11, and understands section 2 the Federal Arbitration Act, 9 U.S.C. §2, to be "a congressional declaration of a liberal federal policy favoring arbitration agreements." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The Court finds that an agreement to arbitrate exists between Hobbs and Pitney Bowes; that Hobbs' claims fall within the parties' agreement to arbitrate; and that Hobbs has opposed arbitration by filing this lawsuit. *See Druco Rests., Inc. v. Steak N Shake Enters., Inc.*, 765 F.3d 776, 781 (7th Cir. 2014) ("In order to compel arbitration, 'a party need only show: (1) an agreement to arbitrate, (2) a dispute within the scope of the arbitration agreement, and (3) a refusal by the opposing party to proceed to arbitration.'") (quoting *Zurich American Ins. Co. v. Watts Indus., Inc.*, 466 F.3d 577, 580 (7th Cir. 2006)). Accordingly, the Court will grant Pitney Bowes' motion to compel arbitration.

**IT IS HEREBY ORDERED** that Pitney Bowes' motion to compel arbitration, ECF No. 9, is GRANTED, and that all claims shall be referred to arbitration pursuant to the parties' contracts.

**IT IS FURTHER ORDERED** that this case is DISMISSED without prejudice. The Clerk is directed to enter judgment accordingly.

SO ORDERED on October 28, 2020.

s/ Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge